Calvin W. Burket, Appellee, v. The Ures Consolidated Mining Company et al.

On Appeal of John H. Turner et al., Appellants.

Gen. No. 18,439.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. Fred C. Hill, Judge, presiding.   Heard in this court at the March term, 1912.  Affirmed.  Opinion filed January 12, 1914.  *Certiorari* denied by Supreme Court (making opinion final).·

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

## Statement of the Case.

Action by Calvin W. Burket against The Ures Consolidated Mining Company, Charles A. Winston, W. R. Macdonald, John H. Turner and P. D. Minick to recover on a promissory note purporting to be executed by the Mining Company and signed by the other defendants. The Mining Company was not served in the case. From a judgment in favor of plaintiff for $4,508.27 and costs, John H. Turner, Charles A. Winston and P. D. Minick appeal.

HOYNE, O'CONNOR & IRWIN and WINSTON & LOWY, for appellants.

DEFREES, BUCKINGHAM, RITTER & EATON, for appellee; JOHN G. CAMPBELL and DON K. JONES, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. USURY, § 39*—*when sureties on note cannot interpose defense.* Sureties on a promissory note executed by a corporation cannot interpose the defense of usury.

2. PRINCIPAL AND SURETY, § 54*—*when finding of jury on question whether sureties signed note on certain condition sustained by the evidence.* In an action against sureties on a promissory note executed by a corporation, the defense was that defendants had signed upon condition that all the directors of the corporation would sign the note and the evidence upon that point was conflicting. *Held,* that a verdict in favor of plaintiff was sustained by the evidence and that there was evidence to corroborate plaintiff's witnesses, it appearing that the plaintiff made the loan for which the note was given without an attempt to secure the lacking signatures, that the loan was unanimously ratified at a directors' meeting at which defendants were present and that defendants were inactive in repudiating liability for a long time thereafter.

3. APPEAL AND ERROR, § 1241*—*matters which cannot be availed of.* Appellants cannot take advantage of the disobedience by the jury of an erroneous instruction given at their instance.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.